104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Andrew SIMS, Petitioner-Appellant,
v.
SUPERINTENDENT OF THE CLINTON CORRECTIONAL FACILITY,
Dannemora, NY, Respondent-Appellee.
 No. 95-2412.
 United States Court of Appeals, Second Circuit.
 Sept. 3, 1996.
 
 Appearing for Appellant: Richard L. Herzfeld, N.Y., N.Y.
 Appearing for Appellee: Christy L. Reuter, Ass't Att'y Gen., N.Y., N.Y.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Petitioner Andrew Sims, a New York State prisoner sentenced in 1988 to a prison term of 10 years to life, appeals from a judgment of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, Judge, denying his petitions for habeas corpus asserting (a) that in connection with his 1988 conviction, the New York state court improperly counted a 1980 conviction in sentencing him as a "persistent violent felony offender" under New York Penal Law § 70.08, and (b) that he was denied his Sixth Amendment right to effective assistance of counsel in connection with a 1976 conviction. For the reasons that follow, we find no basis for reversal.
 
 
 4
 The contention that the state court improperly relied on Sims's 1980 conviction in determining that he was a persistent violent felony offender as defined in the New York penal law presents a question of state law. Such a question is not a proper subject for a federal habeas corpus petition. See 28 U.S.C. § 2254. To the extent that Sims contends that his 1988 sentence constituted cruel and unusual punishment in violation of the Eighth Amendment, that claim has not been exhausted in the state courts and in any event has no merit, see generally Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991); Solem v. Helm, 463 U.S. 277, 299 n. 26 (1983).
 
 
 5
 Sims's contention that he was denied the right to effective assistance of counsel in connection with his 1976 conviction, which was entered after his plea of guilty, is premised on counsel's failure to inform him of a purported right to appeal from that conviction on the ground that counsel or the state trial court did not inform him that the conviction could be considered as part of his criminal history in the event that he committed additional crimes thereafter. We regard Sims's Sixth Amendment claim as frivolous, substantially for the reasons stated in Part II.B. of Judge Duffy's Memorandum and Order dated May 19, 1995.
 
 
 6
 We have considered all of Sims's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.